6565, 6615.　HINSON v. CARSWELL, administrator; and vice versa.

RUSSELL, C. J.　1.　It is never error to refuse to direct a verdict.

2. The provision contained in the first subdivision of section 5858 of the Civil Code, which excludes testimony of the opposite party in a suit instituted or defended by an indorsee, assignee, transferee, or personal representative of a deceased person, as to transactions or communications with such deceased person, by necessary implication includes testimony as to transactions or communications with a deceased representative of such deceased person. Furthermore, the latter portion of the fifth subdivision of the aforementioned code section must be held to forbid the testimony as to transactions and communications with the deceased administrator of the decedent, to which objections were offered in the present case, since the term "agent," used in the latter portion of the fifth subdivision, may include administrators; and testimony "as to transactions or communications with a deceased or insane agent under circumstances where such witness would be incompetent if the deceased agent had been principal" is by this subdivision expressly excluded. The court therefore erred in admitting the testimony which is the subject-matter of the cross-bill of exceptions.

3. There being evidence which would have authorized an entirely different finding, the trial judge erred in directing a verdict for the plaintiff for $400.　　　　Judgment reversed on both bills of exceptions.

DECIDED JANUARY 7, 1916.

Complaint; from city court of Waycross—Judge McDonald. March 18, 1914.

Parker & Walker, for plaintiff in error in main bill.
Crawley, Redding & Crawley, contra.